HENRY L. CRITTENDEN, as Assignee for the Benefit of Creditors of ANTHONY PUCCIA, Appellant, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Respondent.

Fourth Department, May 2, 1923.

Carriers — action by assignee of consignee to recover damages caused by freezing of spinach while in car after reaching destination — express charges were paid after inspection and receipt signed by employee of consignee — freezing was caused by inability to close car door — defendant's agent suggested that door be left partially open and locked with chain and promised but failed to repair door — question for jury whether carrier's obligation terminated by delivery and acceptance before damage — error to grant nonsuit at close of case.

In an action by the assignee of a consignee of a carload of spinach to recover damage caused by freezing after the car had reached its destination and been placed on the unloading track, it was error for the court to grant a nonsuit at the close of the entire case on the ground that delivery and acceptance by the consignee before the freezing occurred barred recovery, since it appears that when the consignee's agent inspected the car in company with an agent of the defendant, they were unable to close the door; that the defendant's agent suggested that the door be left partially open and locked with a padlock and chain and this suggestion was followed out by the consignee; that the defendant's agent promised on two or three occasions to send a man to repair the car door so that it could be closed, but failed to do so and the door remained partially open for about two days in freezing weather.

The receipt signed by the employee of the consignee was evidence of delivery by the carrier and acceptance by the consignee and so were the locking of the car and the payment of the freight, but these circumstances were not conclusive and opposed to them were the advice by the defendant's agent as to the use of the chain and the promises to repair the car door and so, under all the circumstances, a question of fact was presented as to whether the carrier's obligation had been terminated by delivery and acceptance before the damage occurred, for until such delivery and acceptance were complete or a reasonable time for unloading had elapsed the carrier was under the same obligation to have the equipment in proper condition that it was under during the period of transportation.

HUBBS, P. J., dissents.

APPEAL by the plaintiff, Henry L. Crittenden, as assignee, from a judgment of the County Court of the county of Monroe in favor of the defendant, entered in the office of the clerk of said county on the 26th day of May, 1922, upon the dismissal of the complaint without prejudice at the close of the case.

*George Sanderson*, for the appellant.

*Edward Lynn*, for the respondent.

SEARS, J.:

The plaintiff's assignor was the consignee of a carload of spinach which the defendant undertook to transport from Simonton, Tex.,

to Rochester, N. Y.  The car in question arrived in Rochester at four-fifty on the afternoon of January 24, 1921.  The consignee was notified that afternoon of the arrival of the car and the car was placed on an unloading track at six-thirty on the following morning.  At about six-forty-five that morning an employee of the defendant named Salyerds went to the store of the consignee and from there drove to the car in a wagon belonging to the consignee, with an employee of the consignee named Lowes.  The wagon was backed to the door of the car and the two men tried to open the door but were unable to do so, and Salyerds returned to the store and secured a pinchbar, with which the two men pried the door open.  The contents of the car, within a half hour after it was opened, were inspected by the consignee and found in good condition.  Lowes removed about fifteen baskets of spinach from the car and placed them in the wagon.  The men then tried to close the door, but could not do so completely.  Lowes had brought with him a padlock but could not use it on the car because of the condition of the door.  The defendant's employee suggested to Lowes that he get a piece of chain and put the padlock through the links.

Lowes drove the wagon back to the store of the consignee, Salyerds going with him.  The fifteen baskets of spinach were carried by Lowes into the store.  The consignee, or his son, gave Salyerds a check for the express charges, and Lowes signed the express receipt, on consignee's behalf, in the presence of either the consignee or his son.  Lowes then secured a piece of chain, and, returning to the car, fastened the door with the chain and padlock.

There was evidence from which a jury might have found that the car door was defective, having been warped or sprung, and that this prevented the door from being completely closed.

The consignee, shortly after the door had been fastened with the chain and padlock, telephoned to the claim agent of the express company that the door was defective and that he, the consignee, could not protect the spinach, and asked the claim agent to send someone over to " take care of " the contents of the car, which he said he would do.  Later in the day, no one having come over, the defendant's claim agent again was asked to come and protect the car, because the spinach was freezing, and again the claim agent promised to " send a man right over," but did not, and again on the morning of the twenty-sixth the consignee talked over the telephone with the defendant's claim agent and was told that the defendant would send a man right over to look at the spinach.  Finally, the defendant sent a representative to the car

at about five o'clock in the afternoon of the twenty-sixth. In the meantime much of the spinach had frozen and a jury could have found the freezing due to the opening left in the doorway because of the defective condition of the door itself. This action was brought against the defendant as a common carrier for the damages resulting from such freezing.

The trial court granted the defendant's motion for a nonsuit at the close of the entire case on the ground that a delivery and acceptance by the consignee, before the freezing occurred, were conclusively established.

It was the duty of the defendant as a common carrier not only to transport the car and its contents, but to furnish proper equipment for such transportation (*Loomis* v. *Lehigh Valley R. R. Co.,* 208 N. Y. 312), and to afford the consignee reasonable opportunity to unload. (*Matter of N. Y. C. & H. R. R. R. Co.,* 77 N. Y. 248, 261; *McKinney* v. *Jewett,* 90 id. 267, 270; *Scheu* v. *Benedict,* 116 id. 510; *McAndrew* v. *Whitlock,* 52 id. 40.)

A reasonable opportunity includes a reasonable time and the rules contained in the defendant's tariffs filed with the Interstate Commerce Commission may have a bearing upon the measurement of this period. The receipt signed by the employee of the plaintiff's assignor was evidence of delivery by the carrier and acceptance by the consignee and so were the locking of the car and the payment of the express charges, but these circumstances were not conclusive and opposed to them were the advice by the defendant's employee as to the use of the chain and the promises on the defendant's part to protect the shipment as well as the shortness of time and the condition of the weather.

It is apparent that the car was at a place some distance from the store of the consignee, and that the shipment had to be carried from the car by wagon. The jury might have found that the reason that the goods were not entirely removed from the car on the day it was placed on the unloading track was the low temperature which would have exposed the spinach to freezing during the transfer from the car.

Under all the circumstances a question of fact was presented whether the carrier's obligation had been terminated by delivery and acceptance before the damage occurred, for until such delivery and acceptance were complete or a reasonable time for unloading had elapsed, the carrier was under the same obligation to have the equipment in proper condition for the purpose for which it was being used that it was under during the period of actual transportation. (*Bobzein* v. *New York Central R. R. Co.,* 187 App. Div. 767.)

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur, except HUBBS, P. J., who dissents and votes for affirmance; DAVIS, J., not sitting.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.